Lambert v. The People.

HUGH LAMBERT AND DUFF LAMBERT

V.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Practice—Replevin of Fee Bills—Sec. 27, Chap. 33, R. S.—Sec. 574, Criminal Code.*

1. The method provided for by Sec. 574 of the Criminal Code, for procuring a discharge from imprisonment, or for preventing the defendant, who may be convicted of a misdemeanor, punishable by fine only, from being imprisoned, is purely statutory and unknown to the common law.

2. The best form of practice to be adopted under that section is to determine the amount of fine and of costs, and enter appearance and confess judgment, so much fine and so much costs, together with costs to thereafter

accrue. No particu'ar form of judgment is necessary if the record contains sufficient to show the amount for which execution is to issue.

3. When a conviction is had and the judgment entered for fine and costs, it appearing in the same judgment and record that the defendant so convicted, being desirous of replevying the fee bill and fine, with persons named, confessed a judgment in favor of the people, and the costs are taxed in a fee bill, the judgment will show the amount of fine, and the fee bill will show the amount of costs. and the costs in such case are determined by the fee bill; and where a defendant procures his discharge or prevents his imprisonment by reason of a confession of judgment for the amount of fine and costs by himself and his sureties, he is estopped from questioning the amount of the fine or costs.

4. No appeal or writ of error could be prosecuted from the judgment of conviction, for the reason that the judgment by confession would be a release or waiver of error, and the costs are as integral a part of that judgment of confession, as would be the fine assessed on the judgment of conviction.

5. Where, in such case, an execution issues after the lapse of five months for the amount shown by the record for the fine, and the amount shown by the fee bill for the costs, the court may not, on a motion to retax fee bill, or a motion to quash the fee bill entered on the judgment of conviction, either retax costs or quash the fee bill, and even if entertained, such action can not affect the judgment.

[Opinion filed April 4, 1892.]

APPEAL from the County Court of Pope County; the Hon. GEORGE A. CROW, Judge, presiding.

Mr. W. S. MORRIS, for appellants.

Mr. D. G. THOMPSON, State's Attorney, for appellees.

*Per Curiam.* Appellants were indicted in the Circuit Court of Pope County for riot, and the indictment was certified to the County Court for trial. From a verdict and judgment of guilty and a fine assessed in that court, the defendant appealed to the Appellate Court of the Fourth District, where the judgment was reversed because of error in instructions, and remanded. The defendants after proper notice were again placed on trial, and a verdict of guilty was found against two of the three, and the third defendant discharged. A motion for a new trial as to the defendants found guilty, was entered, which was overruled by the court, and a judgment was entered

on the verdict, and a fine assessed against said defendants. Thereupon the defendants against whom the judgment was entered, filed their motion for a rule against the clerk of the County Court of Pope County to tax costs and make out fee bill in the proceeding on which defendants were convicted; which, being done, the defendants so found guilty entered their motion to quash the fee bill in that proceeding, which was sustained, and it was adjudged by the court that the defendants so convicted pay all costs except those made by Kirt Lambert and Thomas J. Lambert, one of whom had been found not guilty on the first, and the other discharged on the second trial.    The defendants Hugh Lambert and Duff Lambert were, by this judgment, adjudged guilty, and a fine of $5 assessed against each, and it was further adjudged that they should pay all costs except those made by and on behalf of Kirt Lambert and Thomas J. Lambert.    From that judgment there was no appeal, and the same stands unreversed.

In the same judgment and record it further appears that "being desirous of replevying the fee bill and fine herein," the defendants so convicted, together with George W. Lambert and John D. Choat, confessed a judgment in favor of the people of the State of Illinois, if default be made in the payment of the said fine and costs within five months, and it was further adjudged that in case of such default execution should issue, and the defendants were discharged.    After the expiration of more than five months from the rendition of such judgment and such proceedings in and about the replevying of such fine and costs, there being default in payment of the same, an execution issued against Hugh Lambert, Duff Lambert, George W. Lambert and John D. Choat for $10 fines and $352.15 costs.    From fee bills appearing in the record which purport to show the costs so adjudged, the amount of the fee bills are $352.15.    The execution so issued, and the fee bills so showing the costs, were placed in the hands of the sheriff of Pope County.    No warrant for the collection of the fee bills by way of execution is thereto attached; but the total amount is in the execution, and the defendants in execution paid $10 as the fines so assessed, and filed what they term

a replevin bond, which recites that two fee bills, a plaintiff's fee bill for $193.80, and a defendant's fee bill for $158.35, were issued against the defendants therein named, directing the same to be levied, etc., and being desirous of replevying said fee bills, tender the bond to the sheriff conditioned for the payment of the fee bills if they be not quashed. The defendants appeared before the county judge at a subsequent term of the County Court, and such proceedings were had that it was adjudged by that court that certain items in such fee bills were improperly taxed, and that such items should be stricken from the same, and that all other items should remain as thus taxed. From that judgment the defendants in execution prosecute this appeal, and assign as error the failing to strike from the fee bills certain items, and the State's attorney assigns cross-errors in striking from the bills the items stricken. By Sec. 574, Criminal Code of Illinois, Starr & C. Ill. Stats., it is provided:

"If the person convicted, together with one or more sufficient sureties, will acknowledge a judgment in favor of the people of the State of Illinois for the amount of the fine, or the costs only, when no fine is imposed, the court shall cause the same to be entered in full satisfaction of the fine and costs, or costs only, with a direction that if the judgment is not paid within five months from the time of entering the same, execution shall be issued thereon, and the defendant shall, upon the entering of such judgment, be discharged from imprisonment on account of such fine or costs."

This method of procuring a discharge from imprisonment, or of preventing the defendant who may be convicted of a misdemeanor, punishable by fine only, from being imprisoned, is purely statutory, and unknown to the common law. No particular form of entering a judgment is prescribed by the statute. We are of opinion that the best form of practice to be adopted under that section of the statute would be to determine the amount of fine, and the amount of costs, and enter appearance and confess judgment, so much fine and so much costs, together with costs to thereafter accrue. But no particular form of judgment is necessary if the record con-

Lambert v. The People.

tains sufficient to show the amount for which execution is to
issue. When a conviction is had, and the judgment entered
for fine and costs as here, as a judgment by confession in the
same record of a judgment, and the costs are taxed in a fee
bill, the judgment will show the amount of fine, and the fee
bill will show the amount of costs, and the costs in such case
are determinable in the same way as costs in any other case,
that is, by the fee bill. But when a defendant procures his
discharge or prevents his imprisonment by reason of a confes-
sion of judgment for the amount of fine and costs by himself
and his sureties, he is estopped from questioning the amount
of the fine or costs. He could no more, in the case of such
judgment by confession, question the amount of costs for
which he confessed judgment, than could he question the
amount of fine. The judgment for fine, as entered on the
conviction, as well as the costs taxed at the time of judgment,
are each conclusive, and are to the judgment by confession
merely collateral. No appeal or writ of error could be pros-
ecuted from the judgment of conviction, for the reason that
the judgment by confession would be a release or waiver of
errors, and the costs are as integral a part of that judgment of
confession as would be the fine assessed on the judgment of
conviction. As to the judgment by confession to so procure
a discharge, the judgment of conviction, and the fee bill
made up thereon, are merely collateral and aver the judgment
by confession as entered. When the execution issued after
the lapse of five months for the amount shown by the record
for the fine, and the amount shown by the fee bills for the costs,
there was no authority in the court, on a motion to retax fee bill,
or a motion to quash the fee bill entered on the judgment of
conviction, to either retax costs, or quash the fee bill, and even
when entertained such action could not affect the judgment.
At the time of the confession of the judgment the amount of
the fine and costs were known, or should have been known by
the defendants in execution. They can not be heard to contest
the matter after having procured their discharge. It was error
to retax the fee bill as affecting the execution in the case.
The cross-errors are sustained. The court erred in overruling

appellee's motion to dismiss the proceeding. The judgment is reversed and the cause remanded.

*Reversed and remanded*